UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORNELIUS STUBBS,<br>Plaintiff,<br>-against-<br>RENEE C. HILL, ESQ.; MURRAY RICHMAN,<br>Defendants. | 25-CV-4596 (LTS)<br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated at Sing Sing Correctional Facility, brings this action *pro se* against his former New York criminal defense attorneys, Renee Hill and Murray Richman. Plaintiff previously filed a substantially similar action against these defendants, as well as their law firm, Law Offices of Richman Hill & Associates, which the Court dismissed for lack of subject matter jurisdiction. *See Stubbs v. Hill*, No. 22-CV-8023 (LTS) (S.D.N.Y. Dec. 5, 2022) ("*Stubbs I*").

By order dated November 10, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses this action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint,

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court also must dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). The Court is obligated, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are taken from the complaint: "Plaintiff invested over $75,000.00 to defendants in pursuit of his freedom [and] relief from prior convictions."[2] (ECF No. 1 at 3.) Plaintiff claims that Defendants "preyed on [his] mental disorders [and] functional illiteracy." (*Id.*) Defendants "convinced him to pay an additional $35,000.00 to hire a private investigator." (*Id.*) "No sooner than [the] $35,000.00 was paid in full the defendants treated the Plaintiff like a stranger & failed to act with legal professionalism." (*Id.*) Plaintiff contends that Defendants committed "acts of legal malpractice [and] dishonest attempts to gain monies from the plaintiff unlawfully." (*Id.*)

In *Stubbs I*, Plaintiff alleged the same facts and asserted the same claims. *See Stubbs v. Hill*, No. 22-CV-8023 (Doc. No. 1 at 5.). For example, Plaintiff alleged that the defendants "invested $35,000 of our $70,000 payable" to hire a private investigator, but after the payment was made, Defendants treated Plaintiff "poorly," and failed to act with "legal professionalism."

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

*Id.* By order dated December 5, 2022, the Court dismissed that action for lack of subject matter jurisdiction because Plaintiff's claims did not arise under federal law and the facts alleged demonstrated that the court could not exercise diversity jurisdiction of Plaintiff's claims. *See id.* (Doc. No. 9).

**DISCUSSION**

The Court dismisses the complaint because Plaintiff does not allege any facts suggesting that the Court can exercise either federal question or diversity jurisdiction of his state law claims. To invoke federal question jurisdiction, Plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's claims do not arise under federal law. Rather, he asserts a legal malpractice claim against his New York criminal defense attorneys. To establish diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff must allege that he and Defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). The Court cannot exercise diversity jurisdiction of Plaintiff's state law claims because Plaintiff and Defendants are all New York citizens. The Court therefore dismisses this action for lack of subject matter jurisdiction.

**LEAVE TO AMEND IS DENIED**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). The Court declines to grant Plaintiff leave to amend his complaint because it would be futile to do so. The Court cannot exercise jurisdiction of Plaintiff's claims, as the Court previously held in *Stubbs I*.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 22, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge